**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

BENJAMIN T. MARCUM,

                    Plaintiff,

v.                                  CIVIL ACTION NO.   2:21-cv-00142

BRIAN PENICK,

                    Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff Benjamin Marcum's ("Plaintiff") Motion to Grant Order of Full Access to Law Library at Huttonsville Correctional.  (ECF No. 25.)  For reasons discussed more fully below, the motion, (ECF No. 25), is **DENIED**.

*I.*       *BACKGROUND*

Plaintiff initiated this 42 U.S.C. § 1983 action against Defendant Brian Penick ("Defendant") on March 2, 2021.  (*See* ECF No. 2.)  By Standing Order entered in this case on March 3, 2021, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition ("PF&R").  (ECF No. 6.)  Magistrate Judge Tinsley entered his PF&R on January 14, 2022, recommending that the Court grant Defendant's pending Motion to Dismiss, (ECF No. 15), for failure to exhaust the available administrative remedies pursuant to 42 U.S.C. § 1997e(a) and W. Va. Code § 25-1A-2, (ECF No.

1

23).   Magistrate Judge Tinsley also ordered that any objections to the PF&R are due by January 31, 2022.   (*See* ECF No. 23.)

To date, Plaintiff has not filed any objections to the PF&R.   However, Plaintiff filed a Notice of Change of Address on January 27, 2022.   (ECF No. 24.).   Additionally, on January 28, 2022, Plaintiff filed the pending motion for full access to the law library, which seeks injunctive relief against Huttonsville Correctional Complex to allow Plaintiff access to the law library for two hours a day, five days a week until the current civil action is resolved.[1]   (ECF No. 25.)

## II.     LEGAL STANDARD

"A preliminary injunction may be characterized as being either prohibitory or mandatory." *League of Women Voters of N. C. v. North Carolina*, 769 F.3d 224, 235 (4th Cir. 2014). "Prohibitory preliminary injunctions aim to maintain the status quo and prevent irreparable harm while a lawsuit remains pending."   *Pashby v. Delia*, 709 F.3d 307, 319 (4th Cir. 2013) (citing *Sun Microsystems, Inc. v. Microsoft Corp.*, 333 F.3d 517, 524 (4th Cir. 2003), abrogated on other grounds by *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006)).   "The status quo to be preserved by a preliminary injunction, however, is not the circumstances existing at the moment the lawsuit or injunction request was actually filed, but the 'last uncontested status between the parties which preceded the controversy.'"   *Aggarao v. MOL Ship Mgmt. Co.*, 675 F.3d 355, 378 (4th Cir. 2012) (quoting *Stemple v. Bd. of Ed. of Prince George's Cnty.*, 623 F.2d 893, 898 (4th Cir. 1980)).

However, by contrast, "[m]andatory preliminary injunctive relief in any circumstance is disfavored, and warranted only in the most extraordinary circumstances."   *Taylor v. Freeman*, 34

---

[1]  The Court notes that the content of this motion, (ECF No. 25), calls into question whether Plaintiff received a copy of the PF&R.

F.3d 266, 270 n.2 (4th Cir. 1994) (citation omitted).   "[A] mandatory preliminary injunction must be necessary both to protect against irreparable harm in a deteriorating circumstance created by the defendant and to preserve the court's ability to enter ultimate relief on the merits of the same kind." *Sun Microsystems, Inc.*, 333 F.3d at 526.   Further, the authority to issue a preliminary injunction, especially a mandatory one should be "sparingly exercised" because "[m]andatory preliminary injunctions do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demand such relief." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980).

In order to obtain the extraordinary remedy of a preliminary injunction, the burden is on the moving party to demonstrate: (1) "that he is likely to succeed on the merits," (2) "that he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "that the balance of equities tips in his favor;" and (4) "that an injunction is in the public interest." *Dewhurst v. Century Aluminum Co.*, 649 F.3d 287, 290 (4th Cir. 2011) (internal quotation marks and citations omitted); *see also Direx v. Israel*, 952 F.2d at 812) (indicating that the moving party bears the burden of demonstrating the propriety of a preliminary injunction).   This standard becomes even more demanding when a plaintiff seeks a preliminary injunction that mandates action, as contrasted with the typical form of preliminary injunction that merely preserves the status quo pending trial.   *See East Tennessee Natural Gas Co. v. Sage*, 361 F.3d 808, 828 (4th Cir. 2004).

## III.   DISCUSSION

In this case Plaintiff is seeking a mandatory preliminary injunction by asking the Court to compel non-parties to allow him additional access to the law library.   (*See* ECF No. 25 at 1.) However, Plaintiff's motion did not include any arguments on the essential elements that must be

satisfied in order to obtain injunctive relief.   (*See* ECF No. 25 at 1.)   Of course, as a *pro se* litigant, Plaintiff is afforded a liberal construction, but this does not require the Court "to act as an advocate for a *pro se* litigant[.]"   *Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978).   Additionally, even if Plaintiff had made a requisite showing, Plaintiff is not entitled to injunctive relief on this "new claim unrelated to the allegations contained in the complaint[.]"   *See Imagine Medispa, LLC v. Transformations, Inc.*, 999 F. Supp. 2d 862, 867 (S.D. W. Va. 2014) (citing *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir.1994) ("Although these new assertions might support additional claims against the same [defendants], they cannot provide the basis for a preliminary injunction[.]")); *see also Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir.1997) ("[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action."). Further, a federal court generally does not insert itself in the day-to-day administrative workings of a prison, including the frequency of law library access.   *See Meachum v. Fano*, 427 U.S. 215, 228-29 (1976) (explaining that "the day-to-day functioning of state prisons . . . is not the business of federal judges" and "federal courts do not sit to supervise state prisons").

Accordingly, Plaintiff's motion, (ECF No. 25), is **DENIED**.

## *IV.   CONCLUSION*

For the reasons set forth above, the Court **DENIES** Plaintiff's motion.   (ECF No. 25.) The Court further **DIRECTS** the Clerk to resend the PF&R, (ECF No. 23), to Plaintiff at Huttonsville Correctional Complex and **EXTENDS** the deadline for Plaintiff to object to the PF&R until February 14, 2022, or, if the PF&R is served by mail, objections are due by February 17, 2022.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        January 31, 2022

_____

THOMAS E. JOHNSTON, CHIEF JUDGE