IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

BENJAMIN T. MARCUM,

        Plaintiff,

v.                             CIVIL ACTION NO.  2:21-cv-00142

BRIAN PENICK,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Brian Penick's ("Defendant") Motion to Dismiss. (ECF No. 15.)  By Standing Order, this matter was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition ("PF&R").  (ECF No. 6.)  On January 14, 2022, Magistrate Judge Tinsley filed his PF&R, finding the Plaintiff Brian Penick ("Plaintiff") failed to exhaust his administrative remedies and recommending that this Court grant Defendant's Motion to Dismiss and dismiss this civil action. (ECF No. 23.)  After this Court extended the deadline for objections, (ECF No. 27), Plaintiff filed timely objections to the PF&R on February 11, 2022, (ECF No. 28).

For the reasons discussed herein, the Court **OVERRULES** Plaintiff's objections, (ECF No. 28), **ADOPTS** the PF&R, (ECF No. 23), **GRANTS** Defendant's Motion to Dismiss, (ECF No. 15), and **DISMISSES** this matter **WITH PREJUDICE**.

*I.    BACKGROUND*

1

A detailed recitation of the extensive facts of this action can be found in Magistrate Judge Tinsley's PF&R, (ECF No. 23), and therefore need not be repeated here. The Court will provide a discussion of any relevant facts as necessary throughout this opinion to resolve Plaintiff's objections.

## II. STANDARD OF REVIEW

The Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a plaintiff "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In reviewing those portions of the PF&R to which Plaintiff has objected, this Court will consider the fact that Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

## III. DISCUSSION

The PF&R found that Plaintiff failed to exhaust his administrative remedies because his two grievances were not timely received by the Commissioner's Office, as required. (ECF No. 23 at 9.) Plaintiff objects and seemingly argues that he did timely appeal but did not receive a response.[1] (*See* ECF No. 28 at 2.)

---

[1] Although Plaintiff also objected to Defendant's qualified immunity defense, (ECF No. 28 at 5), the Court will not consider this issue as the PF&R did not discuss it.

2

Incarcerated individuals may not bring suits in federal court regarding prison conditions and mistreatment without first exhausting all available administrative remedies. *See* 42 U.S.C. 1997e(a). The PLRA provides only one exception to the exhaustion requirement—that inmates need not exhaust unavailable remedies. *Ross v. Blake*, 578 U.S. 632, 642 (2016). In West Virginia, the State's version of the federal Prisoner Litigation Reform Act ("PLRA") also specifies that "[a]n inmate may not bring a civil action regarding an ordinary administrative remedy until the procedures promulgated by the agency have been exhausted." W. Va. Code § 25-1A-2(c).

However, the failure to exhaust administrative remedies is an affirmative defense under the PLRA. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Therefore, the burden lies with a defendant to prove that an inmate failed to exhaust the available remedies before filing a civil action. *Creel v. Hudson*, No. 2:14-cv-10658, 2017 WL 4004579, at *3 (S. D. W. Va. Sept. 12, 2017). Then, if a defendant makes "a threshold showing of failure to exhaust, the burden of showing that administrative remedies were unavailable falls to the plaintiff." *Id.* at *4. Any disputed questions of fact are resolved by the Court. *Id.* at *4.

The West Virginia PLRA outlines the procedures that must be followed to exhaust an ordinary administrative remedy:

> An ordinary administrative remedy is considered exhausted when the inmate's grievance complies with duly promulgated rules and regulations regarding inmate grievance procedures, has been accepted, fully appealed and has received a final decision from the Commissioner of Corrections or the Commissioner's designee, or the Executive Director of the Regional Jail Authority, or the Director's designee.

W. Va. Code § 25-1A-2(d). The West Virginia PLRA then empowers the West Virginia Division of Corrections and Rehabilitation "WVDCR" to set the uniform procedures for filing an inmate grievance. *Id.* § 25-1A-2(b). The procedure is as follows:

3

1. Any inmate may file a grievance utilizing the Inmate Grievance Form within fifteen (15) days of any occurrence that would cause him/her to file a grievance.
2. The Unit Manager must ensure that an answer to the grievance is provided back to the inmate within five (5) days.
3. Should the response at the Unit Manager/Director of Inmate Services level not resolve the issue, the inmate may appeal to the Superintendent within five (5) days from delivery of the response to his/her grievance. The inmate shall use the same form as was submitted to the Unit Manager/Director of Inmate Services and sign in the appropriate location.
4. The Superintendent/designee shall respond to the appeal, using the grievance form, within five (5) days.
5. Should the inmate believe that the Superintendent's response does not resolve his/her grievance, or the Superintendent fails to respond in the time frames set forth above, the inmate may submit an appeal to the Commissioner of the Division of Corrections and Rehabilitation within five (5) days after he/she receives the Superintendent's response or the time for the response has passed. The appeal shall be submitted using the same form as was submitted to the Unit Manager/Director of Inmate Services and signing the appropriate location. Each grievance appealed to the Commissioner shall be mailed by the inmate to the Commissioner by first class mail.
6. The Commissioner/designee shall respond to the appeal, in writing, within fifteen (15) days.

*See* WVDCR Policy Directive 335.00.

Here, Plaintiff filed two grievances on September 28, 2020 and September 30, 2020, respectively, regarding Defendant moving Plaintiff to Pod 6. (*See* ECF No. 3 at 9, 11.) Both grievances were denied by the unit manager, and the superintendent affirmed both decisions on October 5, 2020. (*Id.*) Plaintiff claims that he appealed both grievances to the Commissioner on October 6, 2020, but did not receive a response. (*Id.* at 3, ¶ 19.) Thus, Plaintiff sent a notarized letter and photocopies of both grievances to the Commissioner's Office, asking for a response. (*Id.* at 12.) However, the Commissioner's Office responded that it did not have a record of receiving either grievance and rejected Plaintiff's grievances as untimely. (*Id.* at 13.)

Consequently, Defendant moved to dismiss Plaintiff's claim for failure to exhaust administrative remedies, arguing that the Plaintiff did not timely appeal his grievances to the

4

Commissioner.  (*See* ECF No. 16 at 6.)  Based on the face of the incorporated grievances attached to the Complaint, Defendant met his burden of proving that Plaintiff failed to exhaust his administrative remedies.  *See Murray v. Matheney*, No. 2:13-CV-15798, 2017 WL 4682723, at *5 (S.D.W. Va. Oct. 17, 2017).  As such, the next question is whether Plaintiff has met his burden of proving that the remedy was unavailable.

In this context, an administrative remedy is considered "unavailable" to prisoners, *inter alia*, "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."  *Ross*, 578 at 644.  To that extent, the Fourth Circuit has also warned that district courts are "obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials."  *Hill v. O'Brien*, 387 F. App'x 396, 400 (4th Cir. 2010) (internal quotations and citations omitted).  However, "[u]nsubstantiated and conclusory assertions by an inmate that prison officials thwarted pursuit of the administrative process are insufficient to excuse failure to exhaust."  *Creel*, 2017 WL 4004579, at *5 (collecting cases).

In this case, there is simply no record that Plaintiff timely appealed either grievance that was, in turn, ignored by the Commissioner.  As the PF&R noted, although "Plaintiff initialed the area of the form requesting an appeal to the Commissioner[,] there is no further evidence demonstrating that it was timely mailed to the Commissioner's Office and it contains no response at that level.  (*Id.* at 3; *see also* ECF No. 3 at 9, 11.)  Rather, the evidence before the Court is that the Commissioner's Office did not have a record of receiving either grievance.  (ECF No. 3 at 13.)  Thus, there is no evidence, or even a reasonable inference, that Plaintiff filed an appeal, and

5

his unsupported claim otherwise is insufficient to refute Defendant's arguments in support of his exhaustion defense.

Accordingly, the Court **OVERRULES** Plaintiff's objection.

### IV.  CONCLUSION

For these reasons, the Court **OVERRULES** Plaintiff's objections, (ECF No. 28), and **ADOPTS** the PF&R, (ECF No. 23).  The Court further **GRANTS** Defendant's Motion to Dismiss, (ECF No. 15), and **DISMISSES** this matter **WITH PREJUDICE**.  The Clerk is **DIRECTED** to remove this case from the active docket of this Court.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        February 18, 2022

_____
THOMAS E. JOHNSTON, CHIEF JUDGE